Carlos GODINEZ–GARCIA, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–70963.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 11, 2005.*

Decided Oct. 21, 2005.

Frank P. Sprouls, Law Office of Ricci and Sprouls, San Francisco, CA, for Petitioner.

Seroj Meserkhani, Law Offices of Meserkhani & Bagramian, Glendale, CA, Re-

gional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Norah Ascoli Schwarz, Esq., Luis E. Perez, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HALL, T.G. NELSON and TALLMAN, Circuit Judges.

MEMORANDUM **

Carlos Godinez–Garcia, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal from an Immigration Judge's ("IJ") denial of his application for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. "We review for substantial evidence the BIA's decision that an applicant has failed to establish ten years of continuous physical presence in the United States." *Lopez–Alvarado v. Ashcroft,* 381 F.3d 847, 851 (9th Cir.2004). We deny the petition for review.

Substantial evidence supports the IJ's decision because Godinez–Garcia did not testify consistently with his two applications for cancellation of removal regarding his initial entry to the United States, whether and how frequently he has departed the United States, the places and dates of his employment, and when he started his own business. *See Singh–Kaur v. INS,* 183 F.3d 1147, 1152–53 (9th Cir.1999). The record also supports the

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

IJ's determination that Godinez–Garcia's documentary evidence did not overcome the inconsistencies.

The voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. *See Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.